UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN PATRICK CRYAN,

                Plaintiff,

          *-against-*

CREDITORS INTERCHANGE
RECEIVABLE MANAGEMENT, LLC,

                Defendant.

---------------------------------------------------------------X

*CLASS ACTION*
*COMPLAINT*

08 CV 5431 (JES)

      Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, Creditors Interchange Receivable Management, LLC., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in the State of New York and maintains a temporary residence in Passaic County, New Jersey while employed within the City of New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Buffalo, New York.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the defendant conducts a business, the nature of which subjects the corporation to jurisdiction in this district and the transactions that give rise to this action occurred, in substantial part, in this district and it is plaintiff's choice of forum.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS**

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff to FIA Card Services and/or Bank of America.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. The defendant sent a first collection letter to the plaintiff dated May 30, 2007. A copy is attached hereto and made part hereof.

9. Plaintiff received said letter.

10. That the debt was disputed by the plaintiff consumer, and the Defendant was sent a notice of said dispute, in writing, on or about June 14, 2007, within the 30 day dispute period as required by law. Copies are attached hereto and made part hereof.

11. That despite plaintiff's valid dispute of the claim, defendant and its agents persisted in harassing the plaintiff consumer, ignoring his dispute and demanding payment of the debt on a continuous basis, by mail and telephone, and contradicting her rights under the FDCPA

12. That on or about July 2, 2007, without regard to plaintiffs dispute, the defendant sent another notice falsely and deceptively stating "We have tried diligently on numerous occasions, *both by telephone and mail*, to reach you but have been unsuccessful. We would like your cooperation in a establishing a mutually suitable payment arrangement and *avoiding other steps by our client to enforce payment*. *Your failure* to respond to our previous collection attempts regarding this account leaves us in doubt as to your good faith intentions.      Unless we hear from you, we will have no choice but to assume *you are trying to evade a just obligation, and we may have little choice but to forward*

*this account to a collection law firm that arbitrates* these accounts on behalf of our client." (*Emphasis added*.)A copy is attached hereto and made part hereof.

13. That said language is false and deceptive and contains representations which are intended to mislead and deceive the consumer in attempt to coerce payment and on non-verified debt.

14. That upon information and belief, defendant regularly refuses to provide verification of disputed debts and persists with collection efforts by means of continuous telephone calls and dunning notices and/or referring disputed claims to other agencies for collection and disputed debts.

15. That Defendant refers disputed claims to Mann Bracken law firm, who then initiates questionable arbitration practices and continues to attempt collection of the underlying debts, with knowledge of the dispute and without ever verifying the or validating the debt.

16. That Defendant, Creditors Interchange and their associates, the Mann Bracken law firm both are under notice of the consumers dispute when they persist with their collection efforts and arbitrarily inflate the debt amount with each dunning notice.

17. That the letters are sent automatically and without regard for any consumer dispute or communication regarding the debt, but rather for the mere purpose of harassing a consumer in attempt to collect a disputed debt by means of coercion and duress.

18. That said letters alone and/or together contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers rights.

19. That the defendant intentionally and knowingly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting on "bad" debts or non-verifiable debts.

20. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (g), (e), and (f) in that the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

21. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

22. The first cause of action is brought on behalf of plaintiff and the members of a class.

23. The class consists of consumers who received the same form letter, as did the plaintiff.

24. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about May 30, 2007, and July 2, 2007, (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion.

25. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

26. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

27. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d) and (f)

    (a)    Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

    (b)    Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

    (c)    Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

    (d)    Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined

       at the time of trial on behalf of the class on the fist cause of action.

(b)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the second cause of action.

(c)    Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the second cause of action.

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)    For such other and further relief as may be just and proper.

Dated: New York, New York
       June 12, 2008

_____
Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

_____
Amir J. Goldstein  (AG-2888)